UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DAN FAUST AND DELIA FAUST,<br>　　Plaintiff<br><br>vs.<br><br>FARMERS TEXAS COUNTY<br>MUTUAL INSURANCE AND<br>COMPANY AND ALLSTATE FIRE &<br>CASUALTY INSURANCE COMPANY<br>Defendant | CIVIL ACTION NO. |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES JUDGE:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 Defendant ALLSTATE FIRE & CASUALTY INSURANCE COMPANY gives notice and hereby removes this action from the District Court of Galveston County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division, and in support thereof would show unto the Court the following:

I. INTRODUCTION

1.　　On 2 March 2021 Plaintiffs Dan Faust and Delia Faust (hereinafter "Plaintiffs") filed Plaintiffs' Original Petition (hereinafter "Petition") in Galveston County, Texas, under Cause No. 21-CV-0280; *Dan Faust and Delia Faust vs. Farmers Texas County Mutual Insurance Company and Allstate Fire & Casualty Insurance Company;* in the 10th Judicial District Court of Galveston County, Texas. (the "State Court Action").

2.　　Plaintiffs' lawsuit concerns a motor vehicle accident that occurred in Galveston County, Texas on 9 May 2019. Plaintiffs' petition asserts claims for uninsured motorist(s) benefits

for bodily injuries, actual damages, and out of pocket expenses, which resulted from a tortfeasor's negligence. The Plaintiffs seek damages for past and future physical pain and mental anguish, physical impairment, disfigurement, medical expenses, loss of earning capacity, interests and other costs.

3.      Defendant timely files this notice of removal within the 30-day timeframe dictated by 28 U.S.C. §1446(b).

## II. PROCEDURAL REQUIREMENTS

4.      Venue is proper in the United States District Court for the Southern District of Texas, Galveston Division, because the State Court Action is pending within this district and division. *See*  28 U.S.C. §1441(a); *Also see* 28 USC §124(b)(2).

5.      Pursuant to LR 81, attached hereto as **Exhibit A** is an Index of Matters.  Pursuant to 28 U.S.C. §1446(a), attached hereto as **Exhibit B and C** and incorporated by reference is a true and correct copy of the docket sheet and all documents filed of record with the Court in the State Court Action including all process, pleadings, and orders served.

6.      Simultaneously with the filing of this *Notice of Removal*, Defendant is filing notice of the removal in the State Court Action pursuant to 28 U.S.C. §1446(a), which is attached hereto as **Exhibit D**, and will provide written notice of the filing of this *Notice of Removal* to all parties as required by 28 U.S.C. §1446(a).

7.      Included in this filing are Defendants" *Disclosure Statement and Certificate of Interested Parties* pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, **Exhibit E,** and *List of All Counsel of Record*, **Exhibit F.**

## III. BASIS FOR REMOVAL

8.      Removal is proper in this case due to complete diversity.

9.      This Court has diversity jurisdiction under 28 U.S.C. §§1332(a).  Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

**A. Diversity**

10.      For the purposes of diversity jurisdiction, a person is considered a citizen of the state where the person is domiciled.  *Preston v. Tennet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 797 (5th Cir. 2007).  Citizenship and residence are not synonymous.  *Parker v. Overman*, 59 U.S. 137, 141 (1855).  "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient."  *Preston*, at 799.  "Domicile requires residence in [a] state and an intent to remain in the state."  *Preston* at 798.

11.      Plaintiff is domiciled in the state of Texas.

12.      Defendant Allstate's domicile is Illinois. Therefore, the parties are completely diverse. (For a corporation, domicile is the principal place of business or the state of incorporation. Allstate Fire & Casualty Company is an Illinois corporation with its principal place of business in Illinois.)

13. No other parties have been served at the time of this filing.

**B.  Amount in Controversy**

14. The Plaintiff's state court petition declares that Plaintiff is seeking monetary relief of over $250,000 but not more than $1,000,000.

15. Accordingly, the amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000.00.

## IV. Prayer

WHEREFORE, Defendant removes the State Court Action from Galveston County

District Court, to the United States District Court for the Southern District of Texas, Galveston

Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**T. PHILIP WASHINGTON**
TBN:  24068406

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2828
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT

ATTORNEY FOR DEFENDANT(S)
ALLSTATE FIRE & CASUALTY
INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served upon

Plaintiff's counsel on this date.

RICH MELENDEZ
SBN: 24038242
P.O. Box 591249
Houston, Texas 77259
Tel: (281) 984- 7107
Fax: (281) 984- 7654
Email: rich@carwreckhouston.com
ATTORNEY FOR PLAINTIFFS


**T. PHILIP WASHINGTON**
TBN:  24068406

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2828
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE FIRE & CASUALTY
INSURANCE COMPANY